# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NOEMI SOTO,
    *Plaintiff*,

v.

EDWARD DOMNARSKI *et al.*,
    *Defendants*.

No. 3:20-cv-00073 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT
## SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Noemi Soto has filed this lawsuit *pro se* and *in forma pauperis* against four state court judges who were involved with the recent dismissal of a lawsuit filed by Soto in state court. Because these judges are immune from Soto's claims for money damages and because it appears that this Court has no authority to grant the relief that Soto requests, the Court issues this order to show cause to permit Soto to show why the complaint should not be dismissed.

### BACKGROUND

Soto alleges that she filed a *pro se* complaint in Connecticut state court that claimed she was subject to discrimination by Christians Alliance Inc., Care4One Inc., and David Russo. Doc. #1 at 8. The state court docket reflects that Judge Edward Domnarski dismissed Soto's complaint for failure of Soto to administratively exhaust her discrimination claim with the Connecticut Commission on Human Rights and Opportunities (CHRO). *See Soto v. Christians Alliance et al.*, MMX-CV17-501256-S (Dkt. #115.00 & #116.00).[1] Soto appealed, and the Connecticut Appellate Court affirmed the entry of judgment without opinion. *See Soto v. Christians Alliance, Inc.*, 193 Conn. App. 901 (2019) (*per curiam*). The members of the Appellate Court panel were

---

[1] The state court docket is publicly available at State of Connecticut Judicial Branch, Superior Court Case Look-up, http://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited Jan. 17, 2020).

Judges Ingrid Moll, Eliot Prescott, and Christine Keller. The docket does not reflect that Soto sought to appeal the Appellate Court's judgment.

Soto has now filed this federal court complaint pursuant to 42 U.S.C. § 1983 against all four of the state court judges, in their individual capacities, who were involved with the dismissal of her state court discrimination complaint. Doc. #1. She alleges that the judges violated her First Amendment right to petition the government for redress of grievances by dismissing her state court complaint for failure to exhaust administrative remedies and by otherwise failing to explain the grounds for their rulings. *Id.* at 8-11. She seeks multiple forms of relief including that each of the judges be subject to punitive damages of $20,000, that they be "dishonorably discharged from their official duties," and that they furnish a "written answer to the Statement of Issues Pro Se Plaintiff presented on appeal." *Id.* at 12.

## DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," or if it otherwise "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant

dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Soto may respond.

It appears to me that Soto's complaint is subject to dismissal for multiple reasons. Most significantly, Soto seeks an award of money damages against state court judges for actions that they took within the scope of their duties as state court judges. This claim lacks merit because judges have absolute immunity from such claims for money damages. *See generally Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*). Nor do I as a federal judge have any authority to discharge state judges from their duties or to compel them to write longer rulings. Under the *Rooker-Feldman* doctrine, federal district courts are jurisdictionally barred from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018).

## CONCLUSION

For the reasons stated above, it appears that Soto's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). If Soto has grounds to show why her complaint should not be dismissed, she may file a response to this order to show cause within 10 days by **January 27, 2020**.

It is so ordered.

Dated at New Haven this 17th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge